Continental Tire North America v. The Workers' Compensation Commission, 5090136. Council, please. Please support. My name is Cheryl. I'm here on behalf of the Continental Tire Council. This is an appeal from the decision issued by the Workers' Compensation Commission based on two claims of benefits that were filed by Lori Beckham. Before we get going, I've got a complaint that I'm going to level against both of you. This business of citing commission decisions in an effort to determine some form of consistency vis-a-vis a type of injury is like trying to find logic in a Marx Brothers movie. It's nonsense. You know you're not supposed to be citing those commission decisions to us. Why do you do it? Both of you. Your Honor, there is no other way to incorporate the statute. And I know that the statute basically says that they're supposed to be published for purposes of making sure that cases are of similar nature. That's for them. That's not for us. Well, and it was actually a question that I was going to ask you because I discussed this with my client. This depends on which commissioner is right in the opinion. If Molly Mason is right in the opinion, you're going to get the sky's the limit. If somebody else is right in the opinion, you're going to the floor. Unfortunately, that's the way the Industrial Commission works. Well, actually, I appreciate your forthrightness in saying anything because it was a discussion as to whether the issue should even be raised before you because the only cases that I could find that were published were cases where the court either took a PPD award and turned it into a total disability or took a permanent total disability and turned it into a PPD or a wage differential and I didn't see any. And basically, your court is seen as a court that is to review all of the commission decisions to see if it gets the manifest way of the evidence. And there was a real question with my client as to whether or not it was even going to be something We don't review other commission decisions to determine whether this is against the manifest way of the evidence. We review only this case to determine. And when you're talking about the argument here is the difference. They gave 40, you want them to give 30. I mean, how do you do that? I mean, there's no rhyme or reason as to why they give 40 or why they give 30. We know that. It just happens to be the way the system works. I don't know what we're supposed to do with it. I understand, Your Honor, and that was exactly the case that I was in. I didn't want to read about the commission decisions you cited and I certainly didn't want to read about the ones you cited. It makes no sense to me. Well, as a follow-up to your statement, my argument was three pages and it solely addressed the chiropractic expenses simply because I did not know that we, I didn't know if you would or you would not. I told my client, we'll see. Your argument about the chiropractic expenses is simple. If you rely on Cantrell's opinion, they get nothing. There are no chiropractic expenses and the commission's decision is internally inconsistent on the issue. That's your argument, right? That's basically the argument, yes, Your Honor. There's nothing in the record to support it and if you're going to cut it down by what Cantrell said, Dr. Cantrell said, then it should either all go or it should all be there. It's got to be one or the other. I will save you time and if you don't have any further questions, I will stop. And I will tell my client that we will not be doing anything that is a man's whole award. Thank you, Your Honor. Counsel, please. My name is Michael Knepper. I represent Lori Becker. May it please the Court, I will obviously take your advice and make this very brief and just respond briefly to the chiropractic bill argument. Tell us why it's not internally inconsistent. Well, as was mentioned earlier, I believe, by Mr. Haslett, there is not always a reason listed by the commission as to why a portion of that was given. What I can say in this point was that while they rely partly on the decision of Dr. Cantrell, the determination of reasonableness and necessity is a question of fact for the commission to determine. In this case, the commission... I don't think anyone disputes that notion. But if you rely on Cantrell's opinion, and his opinion was the chiropractic treatment for the complaint were not necessitated by her spine injury. If you rely on that opinion to disallow the chiropractic expenses from the date he issued that opinion in February on, how in heaven's name can you award the 400 and some odd dollars for the chiropractic treatments before that date? Either they're needed or they're not. Well, then I would argue that they were needed. Well, we understand that. But the commission said that Cantrell was right. They relied on his report. If they turned around and said, we don't believe Cantrell, they were all necessary, there would be no argument. It's a factual issue. But you can't have half of it. You either get all of it or you get none of it. And so my question is, based upon the commission's decision relying on Cantrell's report, and they turned around here and said, the commission views the evidence differently and awards only the doctor's charges of $410 through February 15, 2006, the date on which Respondent Section 12 Examiner Cantrell commented on the necessity of the relatedness of the bill. Well, then I would say that after that date, the commission's decision was saying that once she saw Dr. Cantrell and was advised that these weren't reasonable treatments, then she ceased them. But up until that date, her actions with treating, yet the recommendation of her treating Dr. Dornette with the chiropractor was reasonable, and therefore they weren't. No one said that her actions weren't reasonable. What they said was his treatments were not necessary. That's what Cantrell said. They weren't necessary, and they weren't necessitated by her spine surgery. Well, I think there's evidence in the records that shows that they were necessary. Oh, no, no question. There is evidence to say they were, but the commission said that they relied on Cantrell. Cantrell said they weren't. Now, that was their call. Okay. If the commission would have turned around and said, no, she gets 100% of the chiropractic bill, that's a factual issue, and then, you know, there's evidence in the record. Cantrell says no. Other people say yes. But in this particular case, they seem to try to cut the baby in half. I would agree with that, Your Honor. They can't do that. Okay. They've got to make sense. I mean, you know, we know some of their procedures were a little weird, but they have to make sense, and this just simply doesn't make sense. Well, in response, again, I would say the only thing I would say would be that at that point it became no longer reasonable, as she was going against the opinion of Dr. Cantrell, but I certainly acknowledge your argument. If there's no questions, thank you very much. Thank you, Counselor Pudlow. The court will take the matter under advisement for disposition and recess subject to call.